

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,791

### EX PARTE ANTJUAN MARINO McGHEE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18968-A IN THE 47th DISTRICT COURT
### FROM RANDALL COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of possession of a controlled substance in a drug-free zone and sentenced to five years' imprisonment in each count. He did not appeal his conviction.

Applicant contends that his plea was involuntary because counsel improperly advised him regarding parole eligibility.

Trial counsel filed an affidavit with the trial court where he admits that he gave the Applicant erroneous advice regarding parole eligibility. Based on that affidavit, we determine that Applicant

is entitled to relief. *Ex parte Max Moussazadeh*, 2012 Tex. Crim. App. LEXIS 356 (Tex. Crim. App. February 15, 2012)

Relief is granted. The judgment in Cause No. 18968-A in the 47th District Court of Randall County is set aside, and Applicant is remanded to the custody of the Sheriff of Randall County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 9, 2012
Do not publish